# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:19-CR-47-JPK |
| | ) | |
| VONZANT H. STOUGHTON, II, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a motion entitled Defendant's FRCrP Rule 45(b)(1)(B) Motion Granting an Extension of Time, Due to Excusable Neglect, for the Filing of an FRCrP Rule 58(g)(2)(B) Notice of Appeal to a District Court From the Magistrate Judge's Judgment of Conviction [DE 64], filed on March 24, 2020. The government did not file a response, and the time in which to do so has passed.

On February 8, 2020, Defendant Vonzant H. Stoughton, II filed a Notice of Appeal of the undersigned's judgment issued on January 28, 2020. The Notice of Appeal erroneously appealed this matter to the Seventh Circuit Court of Appeals, rather than to the district court as required by 18 U.S.C. § 3402 and Federal Rule of Criminal Procedure 58(g)(2)(B). On March 12, 2020, the Court of Appeals dismissed this matter pursuant to Defendant's motion for voluntary dismissal due to this error.

In the instant motion, Defendant requests that this Court permit the filing of a corrected notice of appeal. In *United States v. Smith*, the Court of Appeals dismissed the defendant's appeal after counsel filed the appeal directly with the Court of Appeals before first seeking review by the district court of the defendant's conviction by a magistrate judge, mirroring the instant case. 992 F.2d 98 (7th Cir. 1993). In *Smith,* the Court of Appeals found that, since it had no jurisdiction over

the matter, it could not simply remand the case back to the district court. *Id.* at 100. Nonetheless, the Court of Appeals noted that remand was an "unnecessary [step] in any event, because [the defendant] timely filed her notice of appeal in the district court as required by Fed. R. Crim. P. 58(g)(2)(B)." *Id.* (citing *United States v. Soolook*, 987 F.2d 574, 575 (9th Cir. 1993)). The court explained:

> [a]lthough the notice identified this court rather than the district court as the reviewing body, that error does not deprive the lower court of jurisdiction to review [the defendant's] conviction. *See United States v. Musa,* 946 F.2d 1297, 1301-02 (7th Cir. 1991) (designation of wrong court of appeals in notice of appeal did not bar review). The government had fair notice that [the defendant] was appealing her conviction and, indeed, proceeded to litigate the merits of the appeal without questioning whether this was the appropriate court in which to do so. It will therefore suffer no undue prejudice from proceeding in the district court at this juncture. *See id.* at 1301.

*Id.*

Though the government in the instant matter did note Defendant's error in a jurisdictional memorandum filed before the Court of Appeals, the government was nonetheless given fair notice that Defendant intended to appeal his conviction. Further, the government filed no response objecting to the instant motion. The Court thus finds that the government will suffer no undue prejudice from proceeding in the district court at this juncture.

Finally, a corrected notice of appeal is unnecessary in this instance. The Notice of Appeal filed on February 8, 2020, at Docket Entry 57 was sufficient to effect an appeal to the district court. *See Soolook*, 987 F.2d at 575 (denying motion to transfer appeals to district court as unnecessary because, since the notices of appeal were filed in the district court, the notices were sufficient to effect appeals to that court).

Accordingly, the Court hereby **DENIES as moot** Defendant's FRCrP Rule 45(b)(1)(B) Motion Granting an Extension of Time, Due to Excusable Neglect, for the Filing of an FRCrP Rule 58(g)(2)(B) Notice of Appeal to a District Court From the Magistrate Judge's Judgment of

Conviction [DE 64]. An extension of time is unnecessary because there is no need to file a corrected notice of appeal. The Court **CONSTRUES** the February 8, 2020 Notice of Appeal [DE 57] as timely appealing the undersigned's January 28, 2020 judgment to the district court and **DIRECTS** the Clerk of Court to treat it as such.

So ORDERED this 8th day of April, 2020.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT
