UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:19-CR-47-JPK |
| ) | |
| VONZANT H. STOUGHTON, II, ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

This matter is before the Court on Defendant's Unopposed Motion for Extension of Sixty Days for Reporting to Bureau of Prisons [DE 73], filed on April 19, 2020. In his motion, Defendant Vonzant H. Stoughton, II requests an extension of sixty days to report to the Bureau of Prisons (BOP) to serve his ten-day sentence. For the following reasons, the motion is granted.

On January 28, 2020, the Court ordered Stoughton to report to BOP on April 27, 2020. (Jan. 28, 2020 Judgment in a Criminal Case, ECF No. 56). In the motion now before the Court, Stoughton explains he has several medical conditions that, combined with his age, place him at greater risk of severe medical issues should he contract COVID-19. Stoughton seeks an additional sixty days to surrender so that he does not face unnecessary risk from potential exposure to COVID-19. The government does not object to Stoughton's motion for a later surrender date.

Granting the motion avoids placing additional stress upon BOP at a time when the continued spread of COVID-19 is impacting all areas of society, including the housing of prisoners. It is further justified given concerns unique to Stoughton's health conditions and his relatively minor conviction for a misdemeanor. Stoughton was not detained following his conviction, the government did not object to Stoughton being given a reporting date, and there is no reason to arbitrarily enforce the Court's earlier reporting date in the middle of a pandemic.

(Jan. 28, 2020 Judgment in a Criminal Case, ECF No. 56; Hr'g Tr. 28:5-11, 29:11-16, ECF No. 62).

Courts have noted the extraordinary circumstances created by the COVID-19 pandemic and the need to avoid amplifying the already existing health risks. *See United States v. Garlock*, No. 18-CR-00418-VC-1, 2020 WL 1439980, at *1 (N.D. Cal. Mar. 25, 2020) (explaining that "it almost goes without saying that we should not be adding to the prison population during the COVID-19 pandemic if it can be avoided" and that "[t]o avoid adding to the chaos and creating unnecessary health risks, offenders who are on release and scheduled to surrender to the Bureau of Prisons in the coming months should, absent truly extraordinary circumstances, have their surrender dates extended until this public health crisis has passed"); *United States v. Roeder*, No. 20-1682, 2020 WL 1545872, at *2 (3d Cir. Apr. 1, 2020) (noting that "there are many valid concerns about the possibility of contagion in prisons").

Title 18, United States Code, Section 3143 provides for the release or detention of a defendant pending a sentence or appeal. Under § 3143, Stoughton bears the burden of showing by "clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1), (b)(1)(A).[1] The Court finds that Stoughton has met this burden. Nothing has changed that would call into doubt Stoughton's earlier release with a surrender date, and the government raises no objection. Many cases may require strict adherence to reporting deadlines or a defendant's continued detention, but such cases will have factors calling for such measures.

Accordingly, in light of the exceptional circumstances created by COVID-19 and the related Coronavirus national emergency, taking into account Stoughton's medical conditions, and

---

[1] While there are other provisions of § 3143, it is unnecessary to address them for purposes of Stoughton's motion to delay his surrender date.

noting the government's lack of objection, the Court hereby **GRANTS** Defendant's Unopposed Motion for Extension of Sixty Days for Reporting to Bureau of Prisons [DE 73]. The Court **EXTENDS** Stoughton's date and time to surrender for service of his sentence at the institution designated by the Bureau of Prisons to before **2:00 p.m. on June 29, 2020**. The Court further **REMINDS** Stoughton that the previously imposed conditions of probation remain in effect as conditions of release. Finally, the Court notes that it will consider future motions for an extension of time to report to the Bureau of Prisons should conditions continue to warrant such action.

So ORDERED this 20th day of April, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

cc:     The U.S. Marshal Service