UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> VONZANT H. STOUGHTON, II, <br><br> Defendant. | Cause No. 2:19-CR-47-PPS-JPK |

OPINION AND ORDER

Road rage is an all too common occurrence. Rational people seemingly go bananas over the slightest of infractions, and violence sometimes ensues. Why this occurs is a puzzle. It must be the anonymity of driving in one's car that makes otherwise normal people think it's entirely appropriate to temporarily lose it. It's one of those road rage incidents in the Indiana Dunes National Lakeshore that led to a misdemeanor conviction for simple assault and a ten-day jail sentence for Vonzant Stoughton, II.  His conviction for a Class B misdemeanor under 18 U.S.C. § 113(a)(5) is from a bench trial before Magistrate Judge Kolar. In his appeal, the only issue is the admissibility of surveillance video of the incident. Stoughton did not object at trial to the admission of the video. But he now claims admitting it in evidence was an error that substantially affected his rights. Because I find the magistrate judge correctly admitted the crucial video evidence, I affirm the conviction.

## Background

On January 4, 2019, Stoughton was driving to Michigan City, Indiana with his service dog to visit the Friendship Botanical Gardens [DE 96 Trial Transcript (Tr.) 94.] One might think that heading to a botanical garden would put you in a peaceful mind set, but alas, whatever tranquility there may have been quickly dissipated when Stoughton encountered Ms. Michelle Perry, a fellow motorist. Perry was driving to meet her friend at the Indiana Dunes [Tr. 14.] When Stoughton and Perry first crossed paths, Stoughton says that Perry "started pulling out as if to do a U-turn" causing him to swerve and brake suddenly [Tr. 95.] Stoughton testified that he continued driving the speed limit [Tr. 96.] Perry says that Stoughton slowed down to 10 miles per hour. [Tr. 15.] This seems like it was an obvious effort to annoy Perry. Eventually, Perry grew impatient with Stoughton's slow poke ways, and she passed him [Tr. 16, 97.] Stoughton took umbrage; he viewed Perry's driving as reckless and followed her to the Indiana Dunes parking lot [Tr. 98.] He got his service dog out of the car to confront and ordered it to attack Perry. [Tr. 17-19.] The dog, for its part, must be more lover than fighter because he just ignored Stoughton and walked away. [Tr. 19.] Stoughton then put the dog back in the car and resumed the confrontation with Perry. [Tr. 18-19, 104.]

Here's what happened next, recounted in the light most favorable to the verdict. Perry says she lifted her hand guardedly and Stoughton swatted her arm down and struck her in the jaw [Tr. 19.] Stoughton denies any physical contact with Perry [Tr. 105-106.] Instead, he claims he maintained his distance during the confrontation before returning to his vehicle and leaving the parking lot [Tr. 107.] Perry used her cell phone

to video Stoughton's departure and then called the police [Tr. 20.] Park Ranger Frazier arrived at the scene and spoke with Perry [Tr. 55.] Ranger Frazier observed and photographed a red mark on Perry's chin [Tr. 55.]

At the bench trial, Magistrate Judge Kolar heard testimony from Stoughton, Perry, Ranger Frazier, and a nearby witness Scott Meland. As is becoming somewhat the norm these days, the whole incident was captured on surveillance videos that the Park Service installed in the parking lot where the encounter occurred. The Government offered several videos and enhanced photographs into evidence. The video at issue on appeal encompassed the area of the parking lot confrontation. Prior to admitting this evidence, the magistrate judge asked if the defense had any objection [Tr. 57.] Defense counsel only objected to admission of the enhanced photographs [Tr. 57-58.]

**Mr. Nagelberg**: For the sake of my objection, it goes to the particular camera number that allegedly depicts the act of assault because I do have an objection to any enhancements that were done beyond the original depiction by the surveillance camera.
**The Court**: Let's take this one at the time. Do you have any objection to anything other than the enhancement?
**Mr. Nagelberg**: I do not.
**The Court**: So those will be admitted.

[*Id.*]

The magistrate judge viewed the video in court and multiple times in chambers [Tr. 59, 133.] He observed "a tall figure who had previously left Mr. Stoughton's vehicle and followed a dog. The tall figure approached a smaller figure. The smaller figure put her hand up, and the larger figure swung at least one arm." [Tr. 133.]

After considering the evidence, the magistrate judge concluded that Perry's statements were credible and corroborated by the video and witness testimony,

whereas Stoughton's account changed over time. The court found Stoughton guilty of simple assault and sentenced him to ten days in jail. Stoughton appealed, claiming that the magistrate judge erred in admitting the surveillance video even though it was not objected to at trial. A defendant must appeal a misdemeanor conviction to a district judge within 14 days of its entry. Fed. R. Crim. P. 58(g)(2)(B). While this appeal initially was filed with the Seventh Circuit, I have deemed the notice timely for this appeal.

## Discussion

There is an initial question whether trial counsel objected to the relevant video being admitted at trial.  In reviewing the record, Magistrate Kolar specifically asked trial counsel if he objected to the video and he said that he did not. [Tr. 57-58.] His objection only related to the enhanced photos.

Waiver is the intentional relinquishment of a known right.  *United States v. Doyle*, 693 F.3d 769, 771 (7th Cir. 2012). It is different from forfeiture because a waived issue cannot be reviewed on appeal; a forfeited error can be, but only under a plain error standard. *Id.* Declining to object "to the admissibility of this evidence at trial results in waiver of this objection." *United States v. Navarez*, 954 F.2d 1375, 1380 (7th Cir. 1992). Therefore, "the evidence has not been preserved for appellate review." *Wilson v. Williams*, 182 F.3d 562, 575 (7th Cir. 1999). As best I can tell, counsel specifically waived any objection to the admissibility of the video that is the subject of this appeal. As such, the issue is not reviewable in this appeal.

But even if I were to consider the issue forfeited instead of waived, it gets Stoughton nowhere. This is because the video was properly admitted at trial. When

counsel fails to object to the admissibility of evidence, future review is determined under the plain error standard. *United States v. Duran*, 407 F.3d 828, 834 (7th Cir. 2005). Plain error is established when a defendant shows (1) "an error that has not been intentionally relinquished or abandoned;" (2) that was "clear or obvious;" (3) that "affected the defendant's substantial rights," meaning that there is a "reasonable probability that but for the error, the outcome of the proceeding would have been different;" and (4) that "seriously affect[ed] the fairness, integrity, or public reputation of the judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018).

Trial courts are afforded "great deference" in admissibility of evidence determinations "'because of the trial judge's first-hand exposure to the witnesses and the evidence as a whole, and because of the judge's familiarity with the case and ability to gauge the impact of the evidence in the context of the entire proceeding.'" *Duran*, 407 F.3d at 834 (citing *United States v. Van Dreel*, 155 F.3d 902, 905 (7th Cir. 1998)). A party seeking to admit a video into evidence must first establish the video's genuineness. Fed. Rule Evid. 901. This requires proof that the item is what it purports to be and showing its relevance to an issue at trial. Fed. R. Evid. 401, 402.

Stoughton's real argument is not relevance—how could it be? The video is of course relevant because it plainly depicts the interaction on which the charge is based. Instead, the issue is whether the video was properly authenticated. In order to authenticate the video, a party may offer testimony from a knowledgeable witness. Fed. R. Evid. 901; *see United States v. Cejas*, 761 F.3d 717, 723-24 (7th Cir. 2014) (explaining

that proper authentication may include testimony that the camera functioned properly, the operator was competent, or that the recording fairly and accurately represented the location or depicted the scene).

The testimony provided by Ranger Frazier and Meland give sufficient support to authenticate the video. Ranger Frazier testified that he was personally familiar with the surveillance cameras and that the cameras functioned properly, aside from the time stamp being one hour off. He explained that the rangers do not change the time stamp when daylight savings time occurs. Therefore, he indicated the proper time of the video was one hour later than indicated, but otherwise the camera was functioning properly. Ranger Frazier testified that the recording fairly and accurately represented the location. He identified vehicles in the video that were present when he arrived on the scene and testified as to observing and photographing a red mark on Perry's face.

Meland, the bystander witness, corroborated the events in the video with his personal knowledge. He was between 180 to 200 feet from the confrontation and witnessed the "heated discussion" between Stoughton and Perry. When Stoughton first returned to his vehicle, Meland walked away with his friend. Meland later saw Stoughton's vehicle exit the parking lot.

The testimonial evidence corroborates the events of January 4, 2019 in the video and supports a finding that it was a true and accurate representation of the location and time confrontation. After close review of the entire trial transcript and the briefs, I find that admission of the video by the magistrate judge was not an error, plain or otherwise.

ACCORDINGLY:

For these reasons, the magistrate judge's finding that Vonzant Stoughton II is guilty of the Class B misdemeanor of assault, as charged in Count II of the information, is AFFIRMED.

**SO ORDERED**.

ENTERED: October 16, 2020.

      / s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**